**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Nos. CV 12-0983 JP/LAM
                                                           CR 09-1741 JP

RICHARD GAMBOA,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (CV Doc. 1; CR Doc. 76) filed on September 19, 2012. Defendant asserts that Congress exceeded its authority under the Commerce Clause when it enacted the statutes codified as 18 U.S.C. § 924(c) and 21 U.S.C. § 841(b). As a result, the Court was without jurisdiction to convict him under these statutes, and his conviction violates his constitutional protections. The Court construes the motion as a motion to dismiss the indictment. The Clerk opened a civil file to accommodate possible construction of the motion as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. For reasons set out below, the motion will be denied.

       This Court entered judgment on Defendant's conviction on June 2, 2010 (CR Doc. 70). Defendant did not appeal the judgment, and thus his conviction became final later in June, 2010. Defendant filed his motion to dismiss more than two years after judgment was entered. As stated by the Court of Appeals for the Tenth Circuit, "Upon review of the record, we agree with the district court that [Defendant]'s motion to dismiss the indictment is untimely. Under Fed. R. Crim. P. 12(b)(3) a motion to dismiss an indictment on the grounds that it fails to invoke the court's jurisdiction or state an offense may be filed 'any time while the case is pending.' Here, . . .

[Defendant]'s case was no longer pending when he filed the motion to dismiss the indictment." *United States v. Lima-Pacheco*, 81 F. App'x 299, 300 (10th Cir. 2003); *and cf. United States v. Sinks*, 473 F.3d 1315, 1321 (10th Cir. 2007) (restating rule that claim of defective indictment may be first raised during direct appeal). The motion to dismiss was not timely filed and may not be considered by the Court.

Furthermore, and alternatively, "a motion to dismiss an indictment . . . must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a § 2255 motion." *United States v. Preciado-Quinonez*, 53 F. App'x 6, 7 (10th Cir. 2002). Here, the Court declines to recharacterize Defendant's motion as a § 2255 motion. The Court is not required to recharacterize a motion under § 2255 where relief "would, at least facially, 'be barred as untimely.' " *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005); *and see United States v. Holly*, 435 F. App'x 732, 735 (10th Cir. 2011); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). The issues that Defendant raises were available before sentencing, and the one-year limitation period applicable to his conviction has long expired. Defendant does argue that the Supreme Court has made a newly recognized right retroactively applicable to his case on collateral review. *See* 28 U.S.C. § 2255(f)(3). The Court will deny Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (CV Doc. 1; CR Doc. 76) filed on September 19, 2012, is DENIED as untimely filed; and this civil proceeding is DISMISSED.

*[signature: James A. Parker]*
UNITED STATES DISTRICT JUDGE